TAYLOR (SECURITY INS. CO. v.). See Case No. 12,607.

TAYLOR (SEDAM v.). See Case No. 12,608.

TAYLOR (SHAKELEY v.). See Case No. 12,-698.

---

## Case No. 13,805.

### TAYLOR v. SHERBURNE.

[1 Hayw. & H. 106.] [1]

Circuit Court, District of Columbia. August 22, 1842.

#### ADMINISTRATOR—ADDITIONAL BOND.

After an administrator has been appointed, and the court subsequently is informed that a large sum of money is likely to come into his possession, it will order the administrator's removal, unless he gives further bonds, the amount of the bonds to be discretionary and decided by the orphans' court.

At law. Appeal from the orphans' court.

Coxe & Carlisle, for petitioner.
F. S. Key, for defendant.

The petitioner, Jannette Taylor, prays the court to revoke the letters of administration granted to John H. Sherburne in the estate of John Paul Jones. The petitioner states that, by the will of John Paul Jones, it appears that the said Jones left the whole of his estate, real as well as personal, to his two sisters, to be divided into as many portions as his two sisters and their children would make up individuals at the time of his death, the mothers being guardians of their respective children during their minority, but as soon as any of his nieces or nephews had reached the age of twenty-one they were to enjoy their respective shares. The petitioner is one of the original heirs of said Jones, and also the representative and sole survivor of the family of one of the sisters, Mrs. Jannette Taylor, the other sister, Mary Ann, married Mark Lowden; that

[1] [Reported by John A. Hayward, Esq., and Geo. C. Hazleton, Esq.]

said administrator never received any power of attorney or any authority from any of the said petitioner's family; that he took out letters of administration without the knowledge of George L. Lowden, one of Mary Ann's children; that said Lowden had given a power of attorney to another to act for him; that the only power of attorney he has is from one John Lowden, dated 1826, and that said power of attorney is null and void, the said John Lowden having died nearly two years ago; that the heirs have a claim against the United States for at least twenty or thirty thousand dollars.

John H. Sherburne appeared and answered the above petition, and said he was duly appointed attorney in fact of seven-tenths of the heirs of said John Paul Jones, not including the petitioner, in the year 1826; that he took upon himself the trust confirmed upon him in good faith, and it was necessary to possess legal powers for that purpose. That the claim against the United States is a balance left over after paying to the officers and crews of the Jones squadron certain prize money collected by the said Jones in 1787, the said balance being deposited in the treasury by the disbursing agent for the benefit and use of the said officers and crews; and that the heirs of Jones have no interest in said claim.

THE COURT ordered the administrator to give additional security in the penalty of $30,000.

On the appearance of Sherburne, agreeable to the order of THE COURT, the following order was passed:

Whereas, on the production of a general power of attorney from John Lowden, representing seven-tenths of the heirs of John Paul Jones, and at the same time several letters from George L. Lowden, dated late in 1838, recognizing Mr. John H. Sherburne as his agent, urging him to bring the business to a close as soon as possible, the court did (supposing the said letters and power of attorney were both from the same person) order that letters of administration be granted to said Sherburne, and on his representation that no money was to be received the court ordered that letters be granted as prayed for, provided he gave a bond in the penalty of $500. Jannette Taylor subsequently entered a caveat setting forth that Sherburne had no claim to the administration, and that at least twenty or thirty thousand dollars would be received, and Sherburne now admits that there will be $12,000 or $15,000 received from a Danish claim, and therefore prayed a revocation of said letters.

THE COURT then ordered said Sherburne by a certain day, viz., on the 2d of July, 1839, to give a new bond. Having failed to do so, it was further ordered that the letters of administration to the said Sherburne be revoked.

An appeal was granted to the circuit court.

The papers in the case were submitted without argument August 17, 1842.

The circuit court affirmed the order of the orphans' court.

NOTE. The claim against Denmark was for the value of the prizes, three English ships of war sent into Bergen, Norway, where they were forcibly taken possession of by the Danish government, and given up to England, on the ground that Denmark did not recognize the independence of the United States. In negotiations with Denmark the latter offered to pay ten thousand dollars to liquidate the claim. Dr. Franklin declined the offer on the ground that the value of the prizes should form the just measure of compensation.